IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv-02098–PAB–KMT

AMERICAN INTERNATIONAL INSURANCE COMPANY, a New York corporation,

 Plaintiff,

v.

CENTRAL SPRINKLER COMPANY, a Pennsylvania Company, a/k/a TYCO FIRE PRODUCTS, LP, a Pennsylvania Limited Partnership,

 Defendant.

## ORDER

 This matter is before the court on Defendant's "Amended Motion for Leave to File Third-Party Complaint" (Doc. No. 29, filed Mar. 3, 2010). The motion is unopposed.

 On January 28, 2010, pursuant to Defendant's "Unopposed Motion for Extension of Time to Add Additional Parties" (Doc. No. 23, filed Jan. 28, 2010) the court extended the deadline for Joinder of Parties and Amendment of Pleadings to March 3, 2010 (Minute Order, Doc. No. 25). Accordingly, Defendant's Motion is timely.

 Federal Rule of Civil Procedure 14(a) governs third-party practice in federal court. The rule states, in relevant part:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. P. 14(a)(1).

"The general purpose of Rule 14 is to settle related matters in one litigation as far as possible and obtain consistent results from identical or similar evidence, thus preventing a duplication of effort for the courts and serving the interests of judicial economy." *Patten v. Knutzen,* 646 F. Supp. 427, 429 (D. Colo. 1986). A timely motion for leave to implead a third party should be freely granted unless doing so "would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." *Falcone v. MarineMax, Inc.,* 659 F. Supp. 2d 394, 401 (E.D.N.Y. 2009) (internal citations omitted). The right to implead third parties rests within the sound discretion of the district court. *Id.* (internal citations omitted).

Defendant seeks leave to file a third-party complaint against RHR Distributing, Inc. ("RHR") for RHR's alleged failed installation and mishandling of the sprinkler heads that underlie this controversy. There has been no showing of, and the court does not find that granting leave to add RHR as a third party would prejudice plaintiff or unduly complicate the trial. Indeed, ample time for discovery still exists and a trial date has not yet been set.

Finally, the court acknowledges that a third-party complaint under Rule 14(a) may be asserted only "when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defendant." *Saine v. A.I.A., Inc.,* 582 F. Supp. 1299, 1309 (D. Colo. 1984). Although it at least facially appears that Defendant's Third Party Complaint fulfills this standard, the court reserves any evaluation of the validity of Defendant's third-party claims against RHR until the operative third-party complaint is in place and RHR is added as a third-party. *Cf. General Steel Domestic Sales, LLC v. Steelwise, LLC,*

No. 07–cv–01145–DME–KMT, 2008 WL 2520423, at *4 (D. Colo. 2008) (noting that the sufficiency of a claim is better addressed by a Rule 12 motion after the operative complaint is in place, rather than on consideration of a Rule 15(a) motion to amend the pleadings).

Therefore, it is

**ORDERED** that Defendant's "Amended Motion for Leave to File Third-Party Complaint" is GRANTED. The Clerk of Court shall file Defendant's "Third Party Complaint" (Doc. No. 29–5).

Dated this 31st day of March, 2010

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge