IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-02098-PAB-KMT

AMERICAN INTERNATIONAL INSURANCE COMPANY,
a New York corporation,

    Plaintiff,

v.

CENTRAL SPRINKLER COMPANY, a Pennsylvania company,
a/k/a Tyco Fire Products, LP, a Pennsylvania limited partnership also known as
Tyco Fire Products, LP,

    Defendant.

_____

**ORDER OF DISMISSAL**
_____

This matter is before the Court on plaintiff's Supplemental Response to Order to Show Cause ("Response") [Docket No. 97]. On May 13, 2011, the Court ordered plaintiff to show cause [Docket No. 91] why this case should not be dismissed for lack of subject matter jurisdiction. The Court granted plaintiff a thirty-day extension of time to respond to the order to show cause on May 20, 2011 [Docket No. 95]. Plaintiff filed the timely Response on June 17, 2011.

Plaintiff alleged in its complaint that "Plaintiff American International Insurance Company ('American'), at all relevant times, is and was a New York Corporation authorized to transact the business of insurance within the State of Colorado," Docket No. 1 at 1, ¶ 1, and that "Defendant Central Sprinkler Company a/k/a Tyco Fire Products, LP ('Central'), at all relevant times, is and was a corporation organized under

the State of Pennsylvania with its principal place of business located at 451 N. Cannon Avenue, Landsdale [sic], Pennsylvania." Docket No. 1 at 1-2, ¶ 3. In its Response, however, plaintiff now contends that a general partner of Central "is domiciled in Delaware," Docket No. 97 at 2, and that plaintiff "is incorporated in California and has its principal place of business in Wilmington, DE." *Id.* at 3.

Plaintiff invokes 28 U.S.C. § 1332(a)(1) as the basis for this Court's exercise of subject matter jurisdiction. Section 1332(a)(1) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Consequently, based upon plaintiff's Response, plaintiff is a citizen of both California and Delaware. As for Central's citizenship, the Court must consider the citizenship of all of its partners. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). In its Response, plaintiff asserts that a general partner of Central is a citizen of Delaware. Because the Response alleges that both plaintiff and defendant are citizens of Delaware, plaintiff has failed to establish this Court's subject matter jurisdiction over this matter.[1]

---

[1] Plaintiff "requests that the Court remand this civil action to the appropriate State Court" in the event the Court finds that subject matter jurisdiction has not been established. Docket No. 97 at 3. Plaintiff, however, initiated the action in this Court.

Consequently, it is

**ORDERED** that this case is dismissed without prejudice for lack of subject matter jurisdiction.

DATED June 21, 2011.

                                      BY THE COURT:

                                      <u>s/ Philip A. Brimmer</u>
                                      PHILIP A. BRIMMER
                                      United States District Judge